*HIGGINS & AL. vs. McMICKEN.*

WHEN both certificates issued under the same act of congress, there is no difference in regard to the time at which the parties acquired from the government of the United States.

A donee of land from the government of the United States, must take it subject to all the burthens, conditions and limitations, which the donor has thought proper to affix to his gift.

The acts of congress in relation to actual settlements in Florida, unsupported by written evidence of claim do not recognize titles—they make gifts.

A person who has no title to land cannot claim damages from the owner, for selling it as the property of a third person.

APPEAL from the court of the third district, the judge of the fourth presiding.

The petitioners stated that they were collateral heirs of Bridget Lawrence, deceased, and as such, owners of a tract of land on Thompson's Creek, in the parish of West Feliciana.— That the defendant caused a part of said land to be sold by the sheriff, to satisfy a judgment which he had obtained against one John Lawrence, who they alledge never had any title to the land, and that this fact was within the knowledge of the defendant at the time of the seizure.

HIGGINS & AL.
*vs.*
McMICKEN.

They prayed for damages and a decree for the land.

The defendant in his answer set up a title to the premises, and averred that the sheriff in selling the same,—acted of his own accord and without any instructions. He prayed that the suit of the plaintiff be dismissed, and a judgment rendered in his favor for the land. The sheriff deposed that in the sale he acted under the directions of defendant. That he did not put the purchasers in possession, or dispossess any one of the land. The plaintiffs introduced as evidence of title a certificate dated 1st August 1825, for six hundred and forty acres, the claimant being an actual settler, and so reported by the commissioner in his report of actual settlement claims. The defendant introduced and relied upon a certificate dated April, 1827, for twelve hundred and eighty acres, confirmed as a donation claim. The certificate also states the defendant to have obtained an order of survey from the Spanish government, on the 1st May, 1799, and that a survey was made by Pintado in 1808. Both certificates covered the disputed premises. There was judgment for the plaintiffs in the court below and the defendant appealed.

*Bradford,* for the plaintiffs.

*Downs,* for the defendant, urged the following points.

1. The title of the defendant ought to prevail, because he has a written valid title from the Spanish government, and the plaintiff's is only a donation claim, acts of congress of 3d. March, 1819, 8th May, 1822, 26th May, 1824 and 4th May, 1826.

Claims founded on any order of survey, requette, permission to settle, or any written evidence of claim derived from the Spanish authorities, have a preference over the donation claims of the actual settler, U. S. laws, vol. 6. 431, vol. 7. 101, 310, 461, U. S. land laws, 758-9, 823, 880, 905. Because he has a plot of survey made by a Spanish surveyor, and which appears to have been made in pursuance of an order of survey from the Spanish authorities. King & al. vs. Martin, 5 Martin, 197, Hooter vs. Tippett, 8 Martin, 637. Larches vs. Gonzales 11 Martin, 207; Litchworth vs. Bartells 4th M. n. s. 136.

Because he has an order of survey from the land commissioners showing the *locus in quo,* which is necessary in all cases of confliction, and this the plaintiffs have not, acts of congress 1822, sec. 4, vol. 7, 102 land laws 824.

The plaintiffs must make out a better title than defendants, otherwise, they cannot recover. Martins heirs vs. Gardiner, 5 Martin, 662.

PORTER J. delivered the opinion of the court. This action in its commencement, was a suit for damages brought against the defendant, for having caused a portion of a tract of land to which the plaintiffs claimed title, to be sold at sheriffs sale, in satisfaction of a judgment which the defendant had obtained against one John Lawrence. An answer was filed, denying all agency on the part of the defendant in the sale, and further claiming title to the premises.

The cause was submitted to a jury on these issues, who found a verdict in favor of the plaintiffs, for the land, and assessed their damages at $400. The court confirmed this verdict, and the defendant appealed.

The titles under which the respective parties claim, cover the same land, and we are therefore under the necessity of examining their relative superiority.

They are both donations from congress. The certificate of the plaintiffs is dated the 1st August, 1825. That of the defendant on

Where both certificates issued under the same act of congress,

the 5th of April, 1827. But both certificates purport to be issued in pursuance of an act of congress passed on the 8th May, 1822.— There is therefore, no difference in regard to the time, at which the parties acquired from the government of the United States.

Eastern District.
*March*, 1830.

HIGGINS & AL.
*vs.*
McMICKEN.

there is no difference in regard to the time at which the parties acquired from the government of the U. States.

The plaintiffs certificate is for six hundred and forty acres, the claimant being *an actual settler*, and so reported by the commissioner in his report of actual settlement claims.

That of the defendant is for twelve hundred and eighty acres, and his title is confirmed as *a donation claim.* The certificate also states the defendant to have obtained an order of survey from the Spanish government, on the 1st of May, 1799, and that a survey was made by Pintado, in 1808.

The second section of the act of 1822, under which these certificates issued declares, "That all the claims reported as aforesaid, and contained in the several reports of the said registers and receivers, founded on orders of survey, requets, permission to settle, and *other written evidences of claims* derived from the Spanish authorities, *which ought, in the opinion of the registers and receivers to be confirmed, shall be confirmed* in the

same manner as if the title had been completed *:
Provided*, That the confirmation of all the said claims provided for by this act, shall amount only to a relinquishment forever on the part of the United States, of any claim whatever to the tract of land so confirmed and granted."—*Land laws, page* 823.

It is under this section the certificate in favor of the defendant issued.

By the third section, under which, that of the plaintiffs was given, it is enacted "That every person, or his or her legal representative, where claim is comprised in the lists or registers of claims reported by the registers and receivers, and the persons embraced in the list of actual settlers or their legal representatives, not having any written evidence of claim, reported as aforesaid, shall, when it appears by the said reports, or by the said lists, that the land claimed or settled on, had been actually inhabited, or cultivated by such person or persons in whose right he claims, on or before the 15th day of April, 1813, be entitled to a grant for the land so claimed or settled on, *as a donation:—Provided*, That not more, than one tract shall be thus granted to any one person, and the same shall

not contain more than six hundred and forty acres: *and that no lands shall be thus granted which are claimed or recognized by the preceding sections of the act,* or by virtue of a confirmation under an act entitled "An act for adjusting the claims to land, and establishing land offices in the districts east of the island of New Orleans, approved on the 3d. day of March, 1829," &c. &c.

We had occasion to express very fully a few days since, in the case of *Boutner vs. Ventriss' heirs,* our opinion in regard to the rights of those who claimed lands by donations from the government of the United States. We there came to the conclusion, that the donees must take them subject to all the burthens, conditions, and limitations, which the donor has thought proper to affix to his gift.

That opinion is decisive of this case; it must never be lost sight of in deciding cases of this kind, that the acts of congress in relation to actual settlements in Florida, unsupported by written evidence of claim, do not *recognize titles; they make gifts.* The provision which confers on the plaintiffs a right to the land, now sued for, annexes as

Eastern District.
*March,* 1830.

HIGGINS & AL.
*vs.*
McMICKEN.

A donee of land from the government of the United States must take it subject to all the burthens, conditions and limitations which the donor has thought proper to affix to his gift.

The acts of congress in relation to actual settlement clams in Florida, unsupported by written evidence of claims, do not recognize titles: they make gifts.

East District,
*March,* 1830.

HIGGINS & AL.
*vs.*
McMICKEN.

a condition, that the property so granted, shall not have been *claimed* or *recognized* under the preceding sections of the act. The defendant shows his title to the premises has been *claimed and recognized* under the preceding sections; and consequently, shows a better one than the plaintiffs.

The remaining question in the cause is, whether a person who has no title to land, can claim damages from *the* owner, for selling it as the property of a third person, and the mere statement of the question shows, that it must be answered in the negative.

A person who has no title to land, cannot claim damages from the owner for selling it as the property of a third person.

The opinion, we entertain of the validity of the title of the plaintiffs, dispenses with an examination of the various questions arising on the bills of exceptions with which the record is loaded.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided, and reversed, and it is further ordered, adjudged, and decreed that there be judgment for defendant with costs in both courts.